# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 683

LIMA HOSPITAL SOC. v. LIMA (City)

Ohio Appeals, 3rd Dist., Allen Co.

No. 443.   Decided Jan. 20, 1926

297.   CONTRACTS—Contract in which city is to pay a certain amount of money for hospital service, such money to be raised by tax levy and to be paid without regard to the amount raised each year, cannot be enforced.

801.   MUNICIPAL LAW—City cannot contract for hospital services unless money to pay for same is in treasury and not otherwise appropriated.

797.   MUNICIPAL CORPORATIONS—Have only such contractual or taxation powers as are given them by legislative enactment.

HUGHES, J.

The Lima Hospital Society brought an action against the city of Lima in the Allen Common Pleas; and its first cause of action is based on a contract entered into by the parties whereby the City agreed to pay the Society $6,000 raised annually by a tax levy on all taxable property of the municipality. In consideration of all this, the Society was to furnish to certain citizens of Lima, certain agreed hospital services. Full performance on part of the Society was alleged and partial failure on part of the city. A jury was waived and the cause submitted to the court.

It seems that the budget commission of Lima reduced the tax rate so that the amount of taxes collected for hospital service in any of the years the contract was in force, was less than $6,000 yearly. The lower court held that the Society had no right to recover upon this cause of action and the case was dismissed. The Society prosecuted error seeking to have the judgment reversed as being against the weight of the evidence. The Court of Appeals held:

1. A municipal corporation has only such contractual and taxation powers as are given it by legislative enactment.

2. The city, by statute, is authorized to levy a tax not to exceed one mill on each dollar on taxable property; and to pay same to 'he Society for services rendered.

3. There is nothing in the statute that au-thorizes the city to contract for hospital services, unless the money to pay for same is at the time in the treasury of the city and not otherwise appropriated.

4. Since levies were made by the city in accordance with 4021, 5649-3a and 5649-3c GC., the money collected and paid for services already performed, the proceeding was legal.

5. If the contract is construed to mean that the city should pay $6,000 a year without regard to the amount of money raised by taxation each year, then it is in conflict with 3806 GC. and cannot be enforced.

Judgment of lower court affirmed.

Attorneys—Ben S. Motter for Society; Paul T. Landis for City; both of Lima.